IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROY J. WHITEHEAD,

      Plaintiff,

v.                                                    No. CIV-05-0374 WJ/KBM

COLLIER COUNTY SHERIFF'S OFFICE, et al.,

      Defendants.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(1) and (6), to review Plaintiff's civil rights complaint. Plaintiff appears pro se and is proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court has the duty to raise and determine *sua sponte* under Fed.R.Civ.P. 12(b)(1) whether it has subject matter jurisdiction. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). A complaint may be dismissed *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

      The complaint alleges that, during and since a 1996 pro se evidentiary hearing while Plaintiff

was incarcerated in Florida, he has been "tortured by voices/visions 24/7." Apparently the voices say that "they raped and tortured to death my Vice President in the American Iron Hand Karate Association." Plaintiff has reported this torture to unknown jail guards and medical staff, and he has filed unsuccessful actions in Florida and Colorado. He claims that these years of torture have denied him safe custody, due process of law, access to the courts, and freedom of religion. For relief, Plaintiff asks "to be properly disconnected from this thing done to me without my knowledge," and for reversal of his convictions and damages.

Plaintiff's allegations do not support constitutional claims. The court must dismiss claims that are "patently insubstantial . . . for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-537 (1974) (federal courts lack power to entertain claims that are "'so attenuated and unsubstantial as to be absolutely devoid of merit'"); *see also Bell v. Hood*, 327 U.S. 678, 682-683 (1946)). The Supreme Court also has held that dismissal under (former) 28 U.S.C § 1915(d) is appropriate for allegations "describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Neitzke*, 490 U.S. at 328; *see also McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991). The Court may not adjudicate Plaintiff's claims of torture by visions and voices, and his complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice; pending motions are DENIED as moot; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE